**UNITED STATES of America, Appellee,**

v.

**Lawrence FRIEDMAN, Appellant.**

**No. 1285, Docket 77–1189.**

United States Court of Appeals,
Second Circuit.

Argued June 14, 1977.

Decided July 27, 1977.

---

*See generally* cases cited in *Berns* and compare *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) reversing 525 F.2d 334 (CA 2 1975); and *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 285, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Allen R. Bentley, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York and Frederick T. Davis, Asst. U. S. Atty., New York City, on the brief), for appellee.

Frederick H. Block, New York City, for appellant.

Before LUMBARD, SMITH and OAKES, Circuit Judges.

PER CURIAM:

Pursuant to the procedure we approved in *United States v. Mullens,* 2 Cir., 536 F.2d 997, 998 n. 1 (1976), and *United States v. Faruolo,* 2 Cir., 506 F.2d 490, 491 n. 1 (1974), Lawrence Friedman appeals from a judgment of conviction in the Southern District, entered upon his plea of guilty on March 4, 1977 to conspiring to distribute and possess with intent to distribute methaqualone capsules, a controlled substance, in violation of 21 U.S.C. §§ 812 and 841. Friedman seeks reversal of his conviction principally on two grounds: that his incriminatory statements to the federal agents at the Drug Administration Offices following his arrest in Clifton, New Jersey on September 24, 1975 were coerced; and, that he had been promised immunity by the Assistant United States Attorney.[1]

Friedman was arrested by federal agents after he delivered 10,000 capsules of methaqualone to Joseph Pollini, an undercover New York City Police Officer, with the expectation of receiving $15,000 therefor. Following this, Friedman's wife, who earlier had taken part in arranging the sale, was arrested. Thereafter, both Friedmans cooperated with the government in disclosing the source of the methaqualone. Mrs. Friedman was not prosecuted. Judge Lasker suspended imposition of sentence on Friedman and placed him on probation for 18 months.

Judge Lasker held a hearing on appellant's claims at which Friedman, Mrs. Friedman, three government agents who participated in the Friedmans' arrests, and Assistant United States Attorney Flynn testified.

Judge Lasker found that Friedman voluntarily decided to cooperate when he learned from his wife that she had already decided to do so. Judge Lasker found that both Friedman, then a law student, and his wife, a teacher, were "mature, knowing citizens," who "knew entirely what they were doing."

Judge Lasker also rejected the claim that Assistant United States Attorney Flynn had promised Friedman immunity. The court found that Mr. Flynn had made it clear to Friedman that he could not promise that he would not be prosecuted and that, in fact, Flynn had repeatedly stated that he could not guarantee what the outcome of the proceedings would be. Further, the court noted that Friedman was "extremely dilatory in asserting . . . that the

1. Appellant's third argument on appeal, that the statutory scheme empowering the Attorney General to classify, reclassify, and declassify drugs is unconstitutional, was disposed of by this court's opinion in *United States v. Pastor,* 557 F.2d 930, 939 – 942 (1977).

subsequent indictments were barred by Mr. Flynn's promises."

Examination of the record fully supports Judge Lasker's conclusions; there is no reason to believe that his findings were clearly erroneous. See, e. g., *United States v. Lucchetti,* 533 F.2d 28, 36 (2d Cir.), cert. denied, 429 U.S. 849, 97 S.Ct. 136, 50 L.Ed.2d 122 (1976).

Convictions affirmed.